ELLEN F. CAPLES, *et al.,* and FRED P. CONE, *et al.,* as Trustees of the Internal Improvement Fund of the State, v. E. P. TALIAFERRO, *et al.,* as Executors and Trustees under the Last Will and Testament of T. C. TALIAFERRO, Deceased.

197 So. 872

Order Filed March 8, 1940

*George Couper Gibbs,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for Appellants.

*M. B. Withers* and *Wm. M. Taliaferro,* for Appellees.

TERRELL, C. J.—This appeal is from a final decree quieting title to certain lands in Manatee County described as follows: "Begin at Southwest corner of Lot three (3) Section 35, Township 35 South, Range 17 East, thence East along South line of said Lot three (3) 80 rods (said 80 rods

extending 30 rods more or less into the West half [W½] of the Southwest Quarter [SW¼] of Section Thirty-six [36], Township 35 South, Range 17 East,) thence North 20 rods—thence West 80 rods to Sarasota Bay:—thence South 20 rods to place of beginning—seven acres more or less, in said Lot three (3) and three acres more or less, in West half (W½) of Southwest quarter (SW¼) of Section 36, Township 35 South Range 17 East."

The physical facts are very similar to those involved in Ellen F. Caples, *et al.,* v. E. P. Taliaferro, *et al.,* decided this date. The decree appealed from found that appellees were the owners in fee of said lands, that they extended to and were bounded by the waters of Sarasota Bay and that appellees possessed all the rights of riparian proprietors. The final decree quieted the title of complainants to said lands and held that the Trustees of the Internal Improvement Fund were without authority to convey the submerged lands in front of the lands so described.

As to complainants being riparian proprietors and as to the authority of the Trustees of the Internal Improvement Fund to convey the submerged lands in question, the decree appealed from is reversed on authority of Ellen F. Caples, *et al.,* v. E. P. Taliaferro, *et al.,* decided this date. In other respects, the decree appealed from is affirmed.

Affirmed in part; reversed in part.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.

BROWN, J. (dissenting).—The appeal in this case is from a final decree quieting title to a tract of land in Manatee County, which the evidence showed bordered upon the waters of Sarasota Bay. The decree found that the appellees were the owners in fee simple of the lands described in their bill, with all the rights of riparian owners and pro-

prietors, and that said lands extended to and were bounded on the West by the waters of Sarasota Bay, a navigable body of water, and quieted the title thereto as against all claims and demands asserted by the defendants or either of them, and removed and annulled the same as clouds upon the title of the complainants.

The decree also held that the deed from the Trustees of Internal Improvement Fund to the defendant, Ellen F. Caples, one of the appellants here, was of no force or effect and canceled and annulled the same as clouds upon the rights of the complainant, and enjoined the defendants from asserting any right, title or interest in and to the lands described in the decree.

The appellees derived their title through the foreclosure of a mortgage given by R. C. Caples and Ellen F. Caples on May 12, 1927, to T. C. Taliaferro, since deceased, and the subsequent foreclosure of said mortgage. It is alleged by appellees that at the time said mortgage was executed the Caples were the owners of said property and that on said date and at the present time the lands described were actually bounded on the West by and extended to the waters of Sarasota Bay, a navigable body of water. But it appears that subsequent to said mortgage, the Caples reconveyed the property to the I. I. Trustees, who in 1933 sold it under contract to Mrs. Ellen F. Caples. Appellees further contend that said mortgage deed conveyed to said T. C. Taliaferro, his heirs, administrators and assigns the said property (together with certain other property in Sarasota County, Florida), and together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining. The property was described in said mortgage deed as follows:

"Begin at Southwest corner of Lot three (3), Section

35, Township 35 South; Range 17 East, thence East along South line of said Lot three (3) 80 rods (said 80 rods extending 30 rods more or less into the West half [W½] of the Southwest Quarter [SW¼] of Section Thirty-six [36], Township 35 South, Range East), thence North 20 rods—thence West 80 rods to Sarasota Bay;—thence South 20 rods to place of beginning—seven acres more or less, in said Lot three (3) and three acres more or less, in West half (W½) of Southwest quarter (SW¼) of Section 36, Township 35 South Range 17 East."

It will be observed that the above and foregoing description does not expressly convey riparian rights but the rule at common law, and which has been recognized in this jurisdiction, is that a conveyance or grant of land actually extending to and bounded by navigable water carries the riparian rights unless expressly reserved. See Thiesen v. G. F. F. & A. Ry. Co., 75 Fla. 28, 78 So. 491; Broward v. Mabry, 58 Fla. 398, 50 So. 826. And in the case of Panama Ice & Fish Company v. St. Andrews Bay R. R. Co., 71 Fla. 419, 71 So. 608, it was held that:

"A conveyance of land to which riparian rights to submerged lands are attached under the statute may carry riparian rights unless such rights are reserved or a contrary intent appears from the conveyance."

In the case of Thiesen v. G. F. & A. Ry. Co., *supra,* this court used this language:

"Taken alone, the words 'fronting on the Bay' certainly cannot be held to be sufficient to show that the land was actually bounded by and extended to the waters of a navigable bay."

This being so it was incumbent upon the plaintiff to show by evidence that the described land was actually bounded

by and extended to the waters of a navigable stream or bay of the sea or harbor.

The seventh headnote of the case of Brickell v. Trammell, 77 Fla. 544, 82 So. 221, reads as follows:

"At common law those who own land extending to ordinary high water mark of navigable waters are riparian holders who,· by implication of law, and in addition to the rights of navigation, commerce, fishing, boating, etc., common to the public, have in general certain special rights in the use of the waters opposite their holdings, among them being the right of access from the water to the riparian land and such other rights as are allowed by law."

And Trumbull v. McIntosh, 103 Fla. 708, 138 So. 34, also holds that the riparian rights of the owner of such lands abutting to navigable tide waters, including statutory riparian rights, pass with the conveyance of the uplands.

Appellants contend, however, that at the time the mortgage was made in 1927 the Caples not only owned the uplands in question but also owned the submerged lands in front of said uplands under deed from the Trustees of the Internal Improvement Fund, and that therefore the appellants Caples could not have intended to convey the riparian rights incident to the lands described, as above set forth.

Whatever may have been the undisclosed intention of the mortgagors, the fact remains that there is ample evidence in this case to show that the land described in the mortgage was and is actually bounded by and extended to the waters of Sarasota Bay, and that no land whatsoever intervenes between the uplands and said water. Furthermore, there is nothing in the mortgage to show any intention to reserve the riparian rights incident to said uplands property.

The common law riparian rights, at least, were therefore

conveyed by this deed of the upland property under the above and foregoing decisions. There is a distinction between the title to the soil under navigable waters and the riparian rights incident to the ownership of upland property abutting said water. This distinction is clear from a reading of our decisions and those in other jurisdictions. In this connection see Mobile Docks Co. v. City of Mobile (Ala.) 40 So. 205, 3 L. R. A. (NS) 822. But if the claim of title of the mortgagors to the submerged lands adjacent to the uplands described in the mortgage falls, as it must here, *ab initio,* I think it is beyond question that the riparian rights of the appellees remain in full force and effect.

In his final decree the chancellor held that the deed from the Trustees of the Internal Improvement Fund to the appellant was of no force, virtue or effect and the same was by him canceled and annulled, and the court expressly found that the property in controversy was bounded on the West by the waters of Sarasota Bay, that the owners were riparian proprietors with the riparian rights and special property rights incident to such ownership, and that the property lying adjacent to and westwardly of the property above referred to, which was attempted to be sold and conveyed by the Trustees (first to both appellants Caples) and later to one of said appellants, was not within the classification included in the statutes of Florida authorizing sales by said Trustees and is not such property as the Trustees were and are authorized and vested with the power under the statute, to sell; and that the deed and subsequent contract from the said Trustees embraces and describes all of the shore land, as well as the submerged lands to the west. I am of the opinion that these conclusions of the Chancellor are sustained by ample evidence in the record.

My conclusion is that the decree appealed from should be affirmed on the authority of the above cited cases.

THOMAS, J., concurs.

## ON REHEARING

### ORDER

PER CURIAM.—This cause coming on to be heard on petition for rehearing, Circuit Judge Rowe sitting in place of Mr. Justice BUFORD, disqualified.

On due consideration after oral argument on the petition for rehearing, Mr. Chief Justice TERRELL, Mr. Justice WHITFIELD and Mr. Justice CHAPMAN are of the view that the opinion of the majority filed March 8, 1940, should be adhered to while Mr. Justice BROWN and Mr. Justice THOMAS are of the view that the dissenting opinion of Mr. Justice BROWN should be adopted as the opinion of the Court and Circuit Judge Rowe is of the view that the dissenting opinion of Mr. Justice BROWN should be adopted as the opinion of the Court except as modified by the concurring opinions of Mr. Justice WHITFIELD and Circuit Judge Rowe filed in the companion case of similar title.

The members of the Court being equally divided and there being no prospect of a change in the personnel, it follows that the opinion filed March 8, 1940, must be and is reaffirmed on rehearing.

Done and ordered this 24th day of September, 1940.

TERRELL, C. J., WHITFIELD, BROWN, CHAPMAN, THOMAS, J. J., and ROWE, Circuit Judge, concur.

BUFORD, J., disqualified.